UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ONE HOUR AIR CONDITIONING FRANCHISING, LLC,

    Plaintiff,

v.                                       Case No. _____

COMFORT SOLUTIONS, LLC

    and

MARCELLIN J. BARBIER,

    Defendants.

## COMPLAINT

NOW COMES, the plaintiff, One Hour Air Conditioning Franchising, L.L.C., by its attorneys Fox, O'Neill & Shannon, S.C., who hereby state and allege the following as and for a complaint against the defendants, Comfort Solutions, LLC and Marcellin J. Barbier:

1.     One Hour Air Conditioning Franchising, L.L.C. ("One Hour") is a Florida limited liability company with its principal offices located at 50 Central Avenue, Suite 920, Sarasota, Florida, 34236. One Hour is involved in the business of providing franchise systems and procedures to businesses and individuals who are interested in operating a business which provides heating and air conditioning system service.

2.     Comfort Solutions, LLC ("Comfort Solutions") is a Wisconsin limited liability company, whose registered agent is Marcellin J. Barbier ("Barbier"). The registered agent's office and the principal place of business for Comfort Solutions is 2778 Manitowoc Road, Suite C, Green Bay, Wisconsin 54311. Comfort Solutions is involved in the business of

providing heating and air conditioning services in Brown County, Wisconsin and nearby counties.

3. Barbier is the managing member of Comfort Solutions and owns 100% of the membership interest in Comfort Solutions. Barbier resides within the Eastern District of Wisconsin. Barbier filed a Chapter 7 petition on December 3, 2008 in United States Bankruptcy Court, Eastern District of Wisconsin. Barbier purported to receive a discharge on or about April 8, 2009. One Hour is informed and believes that those proceedings are still pending. One Hour reserves all rights regarding those proceedings. Until such time as the Bankruptcy Court shall order otherwise, however, One Hour does not seek payment in this action based on any claims that have been purportedly discharged.

4. This action includes a claim for copyright infringement and permanent injunctive relief under U.S. Copyright Act 17 U.S.C. §100 et seq. (hereinafter "Copyright Act"). This court has original subject matter jurisdiction pursuant to the Copyright Act 17 U.S.C. §101, 28 U.S.C. §1331 (federal question jurisdiction) and §1338(a) and (b) (jurisdiction over copyright actions). Additionally, this court has jurisdiction under 28 U.S.C. §1332, as an action between citizens of different states with an amount in dispute exceeding $75,000.00. Pursuant to 28 U.S.C. §1367(a), this court has supplemental jurisdiction over the state claims herein in that these state claims are related to, and form part of, the same case and controversy as the federal claims.

5. This court has personal jurisdiction over Comfort Solutions in that Comfort Solutions regularly does business in the Eastern District of Wisconsin and has its principal place of business in the Eastern District of Wisconsin. Also, Barbier regularly performs work in the Eastern District of Wisconsin and resides in the District.
2

6. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. §1391(a) and (c) and §1400(a).

7. Comfort Solutions and One Hour entered into three separate franchise agreements dated as follows: July 9, 2003, February 24, 2007, and May 22, 2007. Additionally, on or about September 22, 2006 Comfort Solutions assumed a fourth franchise agreement dated on or about December 7, 2003. The four franchise agreements are hereinafter collectively referred to as the "Franchise Agreements." True and correct copies of the Franchise Agreements are attached hereto and marked as Exhibits A through D, respectively. The capitalized terms which are utilized hereafter shall have the same definitions as contained in the Franchise Agreements.

8. Pursuant to the Franchise Agreements, Comfort Solutions agreed, among other things, to i) perform services to customers with the best quality, materials, labor expertise and craftsmanship; ii) provide a 100% guarantee for all work performed for customers; iii) to use One Hour's intellectual property only as provided by One Hour; iv) to pay all franchise fees; v.) to reimburse One Hour for all costs One Hour incurred in connection with handling complaints from franchisee's customers; and vi.) to pay all other fees required under the Franchise Agreements and related agreements. In the event of breach of the Franchise Agreements, the prevailing party in any litigation arising out of the Franchise Agreements is entitled to recover all costs and expenses, including reasonable attorney fees.

9. For good and valuable consideration, Comfort Solutions executed and delivered promissory notes dated February 24, 2007 and May 22, 2007 to One Hour in the amounts of $21,100.00 and $24,200.00, respectively (collectively, the "Promissory Notes"). True and correct copies of the Promissory Notes are attached hereto and marked as Exhibits E

and F. Comfort Solutions has defaulted on the payment terms required by the Promissory Notes and, pursuant to terms of the Promissory Notes, the entire amount of the Notes are due and payable, with interest. Comfort Solutions has failed to make payment in satisfaction of the Promissory Notes.

10. Upon termination of the Franchise Agreements, Comfort Solutions agreed, among other things, to do the following: i) to pay all amounts that have or will thereafter become due to One Hour; ii) to return to One Hour the Operations Manual and other Confidential Information; iii) to notify the appropriate telephone company that Comfort Solutions no longer had rights to the telephone numbers utilized by the Franchise Business and to assign those telephone numbers to One Hour; iv) to cease operating the Franchise Business under the System and cease any appearance of operating a business under the System, including the cessation of all use of One Hour's intellectual property; v) to refrain from owning or being involved with a Competitive Business for twenty-four months after termination; and vi) to satisfy the warranty claims of customers who were promised warranty coverage by Custom Comfort while Custom Comfort was operating under the Franchise Agreements.

11. After the mutual exchange of correspondence regarding a mutual desire to terminate the Franchise Agreements, One Hour terminated the Franchise Agreements after giving notice of its intent to do so.

## COUNT I. BREACH OF CONTRACT – MONEY DAMAGES

12. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 11 of the Complaint as if fully stated herein.

13. Pursuant to the Franchise Agreements, Comfort Solutions was required to pay

4

initial and periodic franchise fees, the cost of items ordered from One Hour and its affiliates, amounts due on promissory notes, and One Hour's costs for addressing customer complaints for work guaranteed by Comfort Solutions. Comfort Solutions failed to make the required payments to One Hour, and One Hour has been damaged thereby. One Hour is owed at least $132,635.00 based on Comfort Solutions' failure to adhere to the contractual payment terms, and One Hour has been damaged in that amount.

## COUNT II. BREACH OF CONTRACT AND INJUNCTIVE RELIEF

14. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13 of the Complaint as if fully stated herein.

15. Upon termination of the franchise relationship between Comfort Solutions and One Hour, the Franchise Agreements required Comfort Solutions to do the following: i) notify the appropriate telephone company that they no longer had a right to the telephone numbers utilized by the Franchise Business and assign those telephone numbers to One Hour; ii) cease operating the Franchise Business under the System; iii) return all Confidential Information to One Hour; iv) refrain from owning or being involved with a Competitive Business for twenty-four months after termination of the franchise; and v.) refrain from using One Hour's intellectual property.

16. Comfort Solutions has breached the Franchise Agreements by i) failing to notify the telephone company that it no longer had the right to use the telephone numbers utilized in the Franchise Business and failing to assign those numbers to One Hour; ii) continuing to operate the Franchise Business under the System; iii) failing to return all Confidential Information to One Hour; iv) owning or being involved with a Competitive Business within twenty-four months after termination of the franchise; v) continuing to use

5

One Hour's intellectual property.

17. Because of Comfort Solutions breaches of the Franchise Agreements in these ways, One Hour has sustained substantial damage and will continue to be damaged so long as the breaches continue. The harm caused by Comfort Solutions' breaches cannot be adequately remedied at law, and plaintiff is entitled to temporary and permanent injunctive relief against Comfort Solutions to remedy its breaches of the Franchise Agreements.

## COUNT III. COPYRIGHT INFRINGEMENT

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of the Complaint as if fully stated herein.

19. Plaintiff owns copyright interests in a invoice form, which is attached hereto and marked as Exhibit G ("Invoice Form"), which is an original copyrighted work under the laws of the United States. Plaintiff has the exclusive right to utilize the Invoice Form and/or to prepare derivative works based on the Invoice Form. After December 3, 2009, Comfort Solutions and Barbier copied, used, modified, reproduced, displayed and/or distributed the Invoice Form. The defendants' copying, use, modification, reproduction, display and/or distribution of the Invoice Form or elements of the Invoice Form constitutes a violation of the United States Copyright Act, 17 U.S.C. §§501(a), 106(1)-(3), and the defendants were acting as infringers within the meaning of the Copyright Act.

20. As a proximate result of defendants' copyright infringement, plaintiff has suffered and will continue to suffer irreparable injury, some of which cannot be compensated in money damages if such wrongful conduct continues.

21. As a result of defendants' infringement, plaintiff is entitled to a permanent injunction enjoining the defendants from engaging in further violations of the Copyright Act

6

and an order impounding the infringing items. Additionally, plaintiff is entitled to the maximum statutory damages for willful infringement pursuant to 17 U.S.C. §504(c), or for such other amount as may be proper under 17 U.S.C. §504(c). Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

WHEREFORE, plaintiff demands the following relief:

A. Judgment awarding plaintiff temporary and permanent injunctive relief against Comfort Solutions to remedy the breaches of contract committed by Comfort Solutions which are causing damages for which there is not an adequate remedy at law;

B. Judgment awarding plaintiff compensatory damages against Comfort Solutions in an amount to be determined at trial, with interest;

C. Judgment awarding plaintiff actual costs of the action, including reasonable attorney fees as allowed under the terms of the Franchise Agreements;

D. Judgment awarding plaintiff temporary and permanent injunctive relief against the defendants which enjoins the defendants from further violation of the Copyright Act and impounding the infringing items;

E. Judgment awarding plaintiff statutory damages for defendants' violation of the Copyright Act;

F. Taxable costs and fees as allowed by law; and

G. Any other relief which the court deems just and equitable under the circumstances.

Dated this 28th day of September, 2009.

>FOX, O'NEILL & SHANNON, S.C.
>Attorneys for Plaintiff
>
>By: _____
>MICHAEL J. HANRAHAN
>State Bar No. 1019483

P.O. Address:
622 North Water Street, Suite 500
Milwaukee, WI 53202
(414)273-3939
mjhanrahan@foslaw.com

8