UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ONE HOUR AIR CONDITIONING FRANCHISING, LLC,

    Plaintiff,

v.                                        Case No. 09-C-0933

COMFORT SOLUTIONS, LLC

    and

MARC BARBIER,

    Defendants.

_____

**JOINT RULE 26(F) REPORT**

In its January 26, 2010 Order, this Court ordered the parties to confer and file a single joint report on or before February 19, 2010, addressing the issues required by Rule 26.

The parties have so conferred and hereby submit this Rule 26(a)(1) proposed discovery plan.

    1.    **Nature of the Case**

This case involves a dispute between One Hour Air Conditioning Franchising, LLC ("One Hour"), a heating and cooling service franchise company, and a former franchisee, Comfort Solutions LLC, and its principal, Marc Barbier. One Hour seeks injunctive relief in order to enforce alleged contractual rights which allegedly arise from the franchise agreements between the parties. One Hour also seeks statutory damages for alleged violations of its intellectual property rights.

2.  **Amendments to the Pleadings**

One Hour has a motion to amend the complaint pending before the court.

3.  **Joining Parties**

The proposed amended complaint seeks to add First Manitowoc Bancorp, Inc. as a party.

4.  **Nature of Discovery and Anticipated Time Required**

The parties hereby submit the following joint proposed discovery plan:

  a. All parties shall disclose information and exchange documents pursuant to FRCP 26(a)(1) no later than April 23, 2010;

  b. All parties may serve initial sets of interrogatories and requests for production of documents no earlier than April 30, 2010.

  c. It is anticipated that discovery will be taken on all claims.

  d. Discovery should not be conducted in phases or limited to certain issues.

  e. The parties have conferred and agree that there are no significant issues related to disclosure or discovery of electronically stored information. However, to the extent that electronically stored information is relevant to the proper disposition of the matters before the Court, the parties understand their obligations related to the preservation, disclosure and discovery of such electronically stored information and will confer prior to the disclosure or production of such electronically stored information regarding the form in which such electronically stored information will be produced.

  f. If privileged or work-product protected material is inadvertently produced, such inadvertent production shall not be deemed as a waiver of any

applicable privileges or protections. Such inadvertently produced privileged or work-product protected material shall be returned to the producing party within two weeks of notification by the producing party that the material is privileged or work-product protected and was inadvertently produced.

g. Non-expert discovery and depositions shall be completed by July 30, 2010.

h. Each party shall name any experts who will testify in support of any claim or defense (other than the defense of failure to mitigate damages) as to which that party bears the burden of proof and, with respect to each such expert, serve the report and information required by FRCP 26(a)(2) and Civil L. R. 26.1 on or before August 30, 2010. The party presenting such an expert report shall make its retained expert witness available for depositions and such depositions shall be completed by September 30, 2010;

i. Each party shall name any experts who will testify in response to the expert opinions disclosed pursuant to paragraph (h) and, with respect to each such expert, serve the report and information required by FRCP 26(a)(2) and Civil L. R. 26.1 on or before October 29, 2010. Parties presenting such rebuttal reports shall make their retained expert witnesses available for deposition and such depositions shall be completed by November 19, 2010.

j. The presumptive discovery limits of 25 interrogatories per party as set

forth in FRCP 33(a) should apply in this case;

k. All dispositive motions, including motions for summary judgment, shall be filed by October 29, 2010.

5. **Motions Contemplated**

The parties anticipate the possibility of filing dispositive motions on all or some of the claims. One Hour contemplates filing a motion for injunctive relief prior to the dispositive motion deadline. In the event the matter proceeds to trial, the parties likely will file and serve motions *in limine* regarding the parties' proof. Other motions are not anticipated at this time, but motions related to discovery are possible in any case.

6. **Estimated Length of Trial**

4 days.

7. **Jury Trial**

The parties have not demanded a jury trial.

8. **Mediation/Settlement**

If the parties are unable to resolve the disputes among themselves, the parties will consider and discuss mediation.

9. **Statement of Compliance**

Counsel for all parties conferred by telephone in connection with this joint report.

10. **Phone Numbers For Telephonic Scheduling Conference**

Counsel for each party should be contacted at the phone number contained in the signature block for each attorney.

Dated this 19th day of February, 2010.

                        Respectfully submitted,

**Attorneys for Plaintiff**

        By: s/ Michael J. Hanrahan
            Michael J. Hanrahan
            Fox, O'Neill & Shannon, S.C.
            Wis. State Bar No. 1019483
            622 N. Water St., Suite 500
            Milwaukee, WI 53202
            (414) 273-3939
            mjhanrahan@foslaw.com

**Attorneys for Defendants**

        By: s/ Paul Swanson
            Paul Swanson
            Steinhilber, Swanson, Mares, Marone & McDermott
            107 Church Avenue, P.O. Box 617
            Oshkosh, WI 54903-0617
            (920) 426-0456
            pswanson@oshkoshlawyers.com